**Joe F. SOTO, Plaintiff-Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant-Appellee.**

No. 79–3965.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 14, 1981.
Rehearing and Rehearing En Banc Denied
June 22, 1981.

Norman R. Jones, Marc A. Zito, Bellaire, Tex., for plaintiff-appellant.

Ferd C. Meyer, Jr., Howard P. Newton, San Antonio, Tex., for defendant-appellee.

Before BROWN, COLEMAN and GEE, Circuit Judges.

PER CURIAM:

In this action under the Federal Employers' Liability Act (FELA), 45 U.S.C.A. §§ 51–60, the jury returned a verdict for Mr. Soto, the plaintiff employee, but the district court entered judgment n. o. v. for his employer on the ground that there was insufficient evidence to support a finding that the employer was guilty of any negligence. An examination of the briefs and the record reveals that the judgment should be affirmed.

As related in greater detail in the district court opinion, *Soto v. Southern Pacific Transportation Co.*, No. SA–77–CA–171 (W.D.Tex., Nov. 5, 1979), the essentially undisputed evidence in the case established that at the time of his injury Mr. Soto was dumping a rubber-tired wheelbarrow which he had loaded with trash and sand cleared from pits used for servicing the underside of diesel engines. By his own testimony he determined the size of the load he was carrying: no one was rushing him at his task and there was no reason why he should not have made the load lighter. Further, there was nothing wrong with the wheelbarrow, the shovel, or the area where the barrow was being wheeled by Mr. Soto.

The FELA is not a workers' compensation system. Employer negligence remains a prerequisite to liability. As the district court observed in its opinion: "If this verdict stands its ... message to railroads would be that they can no longer use wheelbarrows, even when equipped with rubber tires, and that the use of such wheelbarrows is 'unreasonable.'" That there were other, arguably more advanced, methods in use by the defendant for cleaning these pits is of no significance where the method in use by Mr. Soto was not an inherently unsafe one. The task at which Mr. Soto was injured was one that could be safely done by the method which he was told to use and was using.

AFFIRMED.