YELVERTON, Judge.
This is an appeal of a summary judgment granted a defendant in a medical malpractice case. The trial court found no genuine issue of material fact supporting Vera Alexander’s claims against Rose Andrus, CRNA, and granted the motion for summary judgment dismissing her. We reverse and remand.
Vera Alexander suffered cardiorespirato-ry arrest in the recovery room of the Dau-terive Hospital in New Iberia on May 25, 1984, after surgery. Alexander sustained brain damage.
Alexander subsequently filed this malpractice suit against various health care providers: the hospital; Dr. E. Weeks Dau-terive, the surgeon; Dr. Robert Miller, the anesthesiologist; Nurse Rose Andrus, the operating and anesthesiology nurse; and Nurse Tommye Halphen, the recovery room nurse.
The allegations of the plaintiffs petition that relate to Ms. Andrus were generally that health care instructions were improperly communicated. Andrus had administered anesthesia to Alexander prior to surgery and had assisted during surgery. An-drus also accompanied Alexander into recovery. Both nurses testified by deposition concerning normal procedure: they stated that at this point, Andrus routinely communicated what anesthetics were administered and any potential problems. Their depositions stated that responsibility for the patient would then be transferred to nurse Halphen, the recovery room nurse. Neither nurse testified what, if anything, was communicated by Nurse Andrus to Nurse Halphen in this case.
The trial court based its summary judgment for Andrus on the depositions of seven doctors and the two nurses.
In oral reasons for judgment the trial court stated:
In this case I feel it’s incumbent on me to grant it [the summary judgment for An-drus] because each of those doctors had before them a vast amount of material, including the depositions of this defendant herself as well as all of those with knowledge of the surrounding circumstances of what occurred at that time. They, in effect, unanimously exonerate her from any fault.
On appeal, Alexander alleges two errors. She contends first that there remains a disputed material fact as to the content of the conversation between Nurse Andrus and Nurse Halphen. Second, she contends that the doctors’ depositions submitted as evidence were not based upon their personal knowledge of the nurses’ conversation.
On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue. If the burden shifts, the non-moving party may no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). The question before us is whether the moving party’s summary judgment evidence is legally sufficient to resolve all material fact issues.
Dr. Joseph Stirt stated in a deposition:
A Well, again, no, the CRNA brings the patient to the recovery room, turns over responsibility for the patient to Nurse Halpin[sic] and then in a sense entrust the care of her patient to *1229 Nurse Halpin[sic]. Now, to the extent that the CRNA made certain that Nurse Halpin[sic] was aware of the anesthetics that were administered, their potential complications and side effects and that Nurse Halpin[sic] indeed acknowledged her awareness of potential problems with fentanyl, for instance with the use of muscle relaxants that had occurred, I would say as long as Nurse Halpin[sic] was aware of these things and had been made aware by the CRNA I would say the CRNA then had done what she had to do. On the other hand, it is not clear to me that that occurred and from Nurse Halpin'sfsic] deposition it is not at all clear to me that she really understood the nature of the anesthetics that were used and the type of drugs that were used and their potential complications. As I say, from the information in the medical records and the depositions Nurse Halpin[sic] appears to have been underqualified[sic] for the responsibilities that she was asked to undertake and to the extent that she was not informed of potential problems with the medications and drugs used I would say there is some involvement of the CRNA as well because it is her responsibility to make certain, before leaving the patient in the recovery room, that whoever is going to take care of that patient has an understanding of potential problems which can occur with drugs such as those used in this case. That is fentanyl, Pancuronium, Ethrane, all of the anesthetic agents.
Dr. Stirt later testified that, assuming Nurse Andrus gave an academically good report to the recovery room nurse, it probably would not have made any medical difference in the final outcome. It is this testimony of Dr. Stirt that Nurse Andrus relies upon to establish the absence of any genuine issue of material fact regarding her fault in the case. Apparently, it was also this testimony that the trial court relied on as effectively exonerating Nurse Andrus from any fault.
We fail to see how this testimony, even if it could properly be considered in a summary judgment setting, removes any genuine issue of material fact from the case. The issue of material fact is whether Nurse Andrus improperly communicated health care instructions to the recovery room nurse. Without any revelation in the record as to what, if anything, Nurse An-drus communicated to the recovery room nurse, it is impossible to determine this issue. If Nurse Andrus communicated no instructions, that omission might have constituted fault. If she communicated improper instructions, that might have been fault. To assume that she communicated academically perfect instructions, is pure speculation on this record. Thus, even if the opinion of Dr. Stirt, as well as the opinions of the other doctors whose depositions were taken, could properly be considered as summary judgment evidence in this case, Nurse Andrus has failed to produce supporting documents that resolve this material fact issue. For this reason the burden never shifted to the plaintiff to present evidence showing that the material fact is still at issue.
There is another, independent reason why this summary judgment cannot stand. That reason is, the medical opinions relied on by the trial judge were statements of opinion of expert witnesses based on facts known only to others. At this stage of the case the rules that are applicable are the rules of summary judgment. La.C.C.P. Art. 967 requires that affidavits filed in connection with a motion for summary judgment must be based on personal knowledge. An opinion of an expert based solely on his special training and experience, is not based on personal knowledge as contemplated by Article 967. Jones v. Mes, 549 So.2d 902 (La.App. 3rd Cir.1989); King v. Schuylkill Metals, Cory., 581 So.2d 300 (La.App. 1st Cir.), writ denied, 584 So.2d 1163 (La.1991). Therefore, these depositions regarding the activity of Nurse Andrus, were not based on personal knowledge and should not have been considered for summary judgment purposes.
*1230 The judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with law. Costs of this appeal will be paid by the defendant, Andrus.
REVERSED AND REMANDED.