**WELLMAN, Appellant,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Appellee.**

[Cite as *Wellman v. Norfolk & W. Ry. Co.* (1998), 127 Ohio App.3d 169.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE08–1067.

Decided March 31, 1998.

170

*Blumenstiel, Huhn, Wood & Adams Co., L.P.A.,* and *Thomas C. Wood, Jr.,* for appellant.

*Porter, Wright, Morris & Arthur,* Patrick J. Smith and *Leslie A. Yovan,* for appellee.

*Per Curiam.*

Plaintiff-appellant, David Wellman, appeals from a judgment of the Franklin County Common Pleas Court granting the motion for directed verdict of defendant-appellee, Norfolk & Western Railway Company. Because the trial court erred in granting defendant's motion, we reverse.

Plaintiff was employed by defendant as a brakeman at the Watkins Yard in Columbus, Ohio. Watkins Yard is a railroad interchange yard consisting of sixteen yard tracks and three main line tracks running north and south. On July 27, 1995, plaintiff was working as part of a three-man crew switching cars in the rail yard in order to link the outbound trains. As a part of that task, plaintiff was required to step between the gauge of the railroad tracks to couple the air hoses from each adjoining railroad car. In so doing, plaintiff stepped on a piece of scrap metal that was lying on top of soybean meal. The soybean meal caused the metal to slip, thereby causing plaintiff to slip and fall. Plaintiff suffered alleged injuries to his right knee and lower back as a result of the fall.

On December 1, 1995, plaintiff filed a claim under the Federal Employers' Liability Act, Section 51 *et seq.,* Title 45, U.S.Code ("FELA"), alleging that defendant's negligent failure to provide a safe work environment caused his injuries. Trial of plaintiff's complaint began on June 30, 1997, and defendant moved for a directed verdict at the close of plaintiff's evidence. In directing a verdict in favor of defendant, the trial court found that "reasonable minds could only conclude that plaintiff failed to meet his burden of proving any negligence on defendant's part, or that any negligence of defendant played any part, even the slightest, in producing plaintiff's alleged injuries and damages."

Plaintiff appeals, assigning the following errors:

"I. The trial court erred in granting defendant/appellee's motion for directed verdict at the close of plaintiff/appellant's case in chief and in entering final judgment for defendant/appellee.

"II. In this action arising under the Federal Employers' Liability Act, Title 45, U.S.C. Sections 51, et seq., the trial court failed to apply controlling federal law in deciding on motion for directed verdict whether jury issues were presented on the liability of the railroad employer, defendant/appellee, for injury to its employee, the plaintiff/appellant.

"III. The trial court erred in holding as a matter of law that no genuine issues of material fact were presented by the evidence as to whether or not the railroad's negligence caused in whole or in part, that is, played any part, even the slightest, in producing injuries to its employee."

■ As plaintiff's three assignments of error are interrelated, we address them jointly. "FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal." *Vance v. Consol. Rail Corp.* (1995), 73 Ohio St.3d 222, 227, 652 N.E.2d 776, 782, citing *St. Louis Southwestern Ry. Co. v. Dickerson* (1985), 470 U.S. 409, 411, 105 S.Ct. 1347, 1348, 84 L.Ed.2d 303, 306. Thus, state procedural rules determine the appropriate standard for reviewing the trial court's decision to grant a directed verdict.

Civ.R. 50(A)(4) provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

In *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68–69, 23 O.O.3d 115, 116, 430 N.E.2d 935, 938, the Supreme Court addressed the applicable standard for ruling on a motion for directed verdict:

"When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses[.] The evidence is granted its most favorable interpretation and is considered as establishing every material fact it tends to prove."

■ Within that procedural framework, the federal substantive law governing FELA claims controls. "To prevail on a FELA claim, a plaintiff must 'prove the traditional common law elements of negligence: duty, breach, foreseeability,

and causation.' " *Adams v. CSX Transp., Inc.* (C.A.6, 1990), 899 F.2d 536, 539, quoting *Robert v. Consol. Rail Corp.* (C.A.1, 1987), 832 F.2d 3, 6. As a railroad, defendant unquestionably owed plaintiff, its employee, a duty of care under the FELA: "A railroad has a duty to use reasonable care in furnishing its employees with a safe place to work." *Atchison, Topeka & Santa Fe Ry. Co. v. Buell* (1987), 480 U.S. 557, 558, 107 S.Ct. 1410, 1412, 94 L.Ed.2d 563, 568. The point of contention between the parties is whether plaintiff produced enough evidence to create a jury issue on the elements of breach and causation.

■ The trial court first found that plaintiff failed to meet his burden of proving breach on defendant's part. Review of that determination centers on whether, by allowing the scrap metal and soybean meal to accumulate in the Watkins Yard, or in failing to clean up the accumulation, defendant created or permitted an unsafe work environment. "At common law, generally speaking, a plaintiff injured in a fall caused by a defective condition on the property of another cannot recover damages from the owner of the property without showing that the owner knew or should have known of the existence of the condition in question. This principle has not been abandoned in cases arising under the F.E.L.A. * * *." *Harris v. Illinois Cent. RR. Co.* (C.A.6, 1995), 58 F.3d 1140, 1143.

Initially, defendant notes testimony of its employees who stated that the spill on which plaintiff slipped was so small it was not reported to the Yardmaster. Relying on that testimony, defendant suggests that the workplace was not unsafe. At least one of defendant's employees, however, testified that the soybean meal and scrap metal posed a safety hazard, thus creating a dispute in the testimony to be resolved by the jury. Defendant then suggests that because the spill was not reported to the Yardmaster, defendant could not have known about the spill or remedied it and therefore did not breach its duty to plaintiff. Similarly, in moving for a directed verdict, defendant argued:

"[T]here's been no notice or no evidence that there was notice of *this* small spill and that they failed to clean up *this* small spill, so that testimony didn't really get you negligence in this specific case, because if there wasn't notice of *this* small spill, the fact that [defendant] may not have cleaned up all small spills in the past doesn't really get you anywhere." (Emphasis added.)

In *Harris, supra,* the plaintiff was working between railroad boxcars when he stepped on a piece of scrap iron, injuring his leg and lower back. The Sixth Circuit Court of Appeals held that to satisfy the notice requirement in a FELA action, plaintiff "did not have to show that the [railroad] knew about the particular piece of scrap iron that caused his injury * * *." *Harris,* 58 F.3d at 1143–1144. Rather, the court reasoned that it was enough that plaintiff had presented evidence that the railroad "knew about debris falling off cars in C

Yard, [and] was lax about keeping the debris cleaned up." *Harris*, 58 F.3d at 1143. Here, plaintiff presented testimony from several witnesses who stated that debris in the Watkins Yard is a "continuous thing" on "virtually every track." Moreover, the witnesses testified that complaints had been made to the Yardmaster about spills and debris and that the yard-cleaning crew had not been seen cleaning the area for at least a year prior to the date of plaintiff's injury. Plaintiff's evidence, when construed in a light most favorable to him, would allow a jury to infer that defendant knew or should have known about debris falling from cars in Watkins Yard and was lax about cleaning up the spilled debris, thereby creating or allowing an unsafe work environment which could cause foreseeable injury to its employees.

The case also raises the issue of causation. A relaxed standard of causation applies in a negligence claim brought under FELA. *Consol. Rail Corp. v. Gottshall* (1994), 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427. "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific RR. Co.* (1957), 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, 499. Although the quantum of evidence sufficient to present a jury question of causation in a FELA case is less than that in a common-law tort action, plaintiff was still required to demonstrate some causal connection between defendant's negligence and his injuries. *Claar v. Burlington N. RR. Co.* (C.A.9, 1994), 29 F.3d 499.

Plaintiff's testimony, as well as that of his other witnesses, established that defendant knew or should have known of the debris in Watkins Yard and was lax in cleaning it up, that even a small accumulation of scrap metal and soybean meal pose a safety hazard, and that plaintiff slipped on such an accumulation. With that evidence, plaintiff met his initial burden of proving that defendant's failure to remedy the debris problem at Watkins Yard played at least a slight part in causing plaintiff's injury.

Construing the facts most strongly in plaintiff's favor, the evidence was legally sufficient to allow plaintiff's case to go to the jury. Unquestionably, plaintiff's evidence also creates an issue concerning plaintiff's own negligence in relation to his alleged injuries. *Harris, supra.* Nonetheless, because plaintiff's evidence could have supported a jury's conclusion that defendant's failure to provide a safe work environment played at least the slightest part in causing plaintiff's injury, the trial court erred in directing a verdict for defendant. Plaintiff's three assignments of error are sustained to the extent indicated.

Accordingly, having sustained plaintiff's three assignments of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment reversed*
*and case remanded.*

DESHLER, P.J., PEGGY BRYANT and JOHN C. YOUNG, JJ., concur.