720 So.2d 117 (1998)
Alfred J. DUHON, Plaintiff-Appellant,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant-Appellee.
No. 98-268.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1998.
*119 Louis Meraux Corne, Lafayette, William Joseph Billeaud, for Alfred J. Duhon.
John Edmund McElligott, Jr., Lafayette, for Southern Pacific Transp. Co.
Before YELVERTON, PETERS and AMY, JJ.
AMY, Judge.
The plaintiff in this action brought suit against his employer, Southern Pacific Transportation Company, under the Federal Employer's Liability Act alleging that he sustained injuries due to the railroad's negligence. Upon the employer's motion, the lower court granted summary judgment. The plaintiff appeals. We affirm.

Factual and Procedural Background
The record in this matter reveals that the plaintiff, Alfred Duhon, was employed as a foreman/tracker by the defendant, Southern Pacific Transportation Company. In the petition instituting this matter, Duhon alleged that on May 4, 1994, and again, on February 13, 1995, he was injured due to his use of a spike maul while driving spikes on a railroad track. He alleged that he "sustained severe and permanent injuries to his low back, all as a result in whole or in part of the carelessness and/or negligence of the Defendant." This action, which was brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., alleged that Southern Pacific was liable for the following acts or omissions:
(a) It failed to provide safe and suitable tools and equipment to perform the tasks assigned;
(b) It failed to provide a reasonably safe place to work;
(c) It failed to provide reasonably safe methods of work;
(d) It failed to provide sufficient manpower to perform the tasks assigned in general and, in particular, it failed to assure that adequate manpower was available to perform the task in which plaintiff was injured.
Subsequently, Southern Pacific filed a Motion for Summary Judgment asserting that Duhon would be unable to prove negligence by the railroad. Rather, as argued by Southern Pacific, Duhon admitted in his deposition, which was offered in support of summary judgment, that the task he had performed could be safely performed by a single person, was typically performed with a spike maul, and that there was nothing wrong with the spike maul at the time of injury. In opposition, Duhon argued that his supporting documents established the existence of a genuine issue of material fact. In particular, Duhon argues that his submission, which includes the report of a specialist in the field of ergonomics, demonstrates that Southern Pacific was aware that the use of a spike maul had attendant hazards and that an automated tool would be safer.
Following a hearing, the lower court stated as follows in granting summary judgment:
The question isn't whether or not there's simply a safer method of doing work, but whether the method chosen is unsafe on its own.
And the Court finds that there is no genuine issue of material fact on this issue and will grant the motion for summary judgment.
Duhon now appeals this determination.

Discussion
Duhon primarily argues that his submission in opposition to summary judgment demonstrates that Southern Pacific knew of the risks inherent in the use of a spike maul. However, despite this knowledge and Southern Pacific's ownership of at least two mechanical spike hammers, this safer alternative was not made available on the dates of his injury. Therefore, Duhon contends that genuine issues of material fact remain, precluding summary judgment.
*120 Southern Pacific contends that summary judgment was appropriate as Duhon's admissions during deposition preclude a finding of negligence. Further, Southern Pacific argues that Duhon's submission by the purported ergonomics expert should not be considered since it was not based on personal knowledge as required by La.Code Civ.P. art. 967, but rather is based only on his professional knowledge.
As previously stated, the plaintiff seeks recovery pursuant to FELA, 45 U.S.C. § 51 which provides, in part, as follows:
Every common carrier by railroad while engaging in commerce between any of the several States or Territories or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

(Emphasis added). Furthermore, "[a]s a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal." St. Louis Southwestern Railway Co. v. Dickerson, 470 U.S. 409, 411, 105 S.Ct. 1347, 1348, 84 L.Ed.2d 303 (1985). Thus, what constitutes the essential term in the FELA provision, "negligence," is a federal question. Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994); Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). The traditional elements of negligence in federal common law have been explained as duty, breach, foreseeability, and causation. See Adams v. CSX Transp., Inc., 899 F.2d 536 (6th Cir.1990).
In Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), the United States Supreme Court explained the negligence standard inherent in FELA as follows:
Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due "in whole or in part" to its negligence. (Emphasis added.)
Id. at 506-07, 77 S.Ct. at 448-49 (footnotes omitted).
As recently discussed by the United States Fifth Circuit Court of Appeals in Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir.1997), the above-quoted discussion by the Court in Rogers has been periodically misinterpreted and misapplied in cases brought under the Jones Act, 46 U.S.C. § 688, an act affording seamen rights parallel to those afforded railway workers under FELA. The Fifth Circuit explained that although, in Rogers, the term "slightest" was used to describe a reduced standard of causation between an employer's negligence and the complained of injury, the term had often *121 been viewed as modifying "negligence." This misinterpretation thereby resulted, in some Jones Act cases, in the proposition that the duty of care owed by the employer is slight. In his memorandum in opposition to summary judgment, Duhon urged the lower court's application of such an interpretation in the instant matter.
In Gautreaux, 107 F.3d 331, however, the Fifth Circuit, sitting en banc, clarified the inconsistent interpretation of the Rogers phraseology finding that "slightest" does not refer to negligence, but only to the causation prong of the inquiry. The Fifth Circuit declared that, despite this periodic misinterpretation, "an employer's duty of care always remained that of ordinary negligence." Id. at 335.
Although a Jones Act claim was at issue in Gautreaux, 107 F.3d 331, the instant matter, an action under FELA, is analogous. As explained in Gautreaux, the Jones Act provides seamen with rights afforded railway workers under FELA. Further, Gautreaux, is an interpretation of the language of the United States Supreme Court in Rogers, 352 U.S. 500, 77 S.Ct. 443, a FELA action. Therefore, merely because the Rogers standard was clarified in a Jones Act case, does not mean that a contrary interpretation, the one overruled in Gautreaux, may be applied in a FELA action. Rather, the application of the slight negligence standard urged in Duhon's memorandum to the lower court would be directly contrary to the Fifth Circuit's pronouncement in Gautreaux. Therefore, as in Gautreaux, we conclude that the plaintiff in the present case must prove ordinary negligence.
We, then, turn our attention to the issue of whether Southern Pacific proved, in the Motion for Summary Judgement, that the plaintiff would be unable to prove such negligence.
As provided by La.Code Civ.P. art. 966,[1] summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." See also Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41. Initially, the moving party has the burden of proving, through supporting documents, the absence of genuine issues of material fact described in Article 966 and, if successful, the burden shifts to the opposing party to prove the existence of such issues. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-0050 (La.3/13/98); 712 So.2d 882. In proving the existence of genuine issues of material fact, the party opposing summary judgment "may *122 not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial." La.Code Civ.P. art. 967. See also Kumpe, 97-386; 701 So.2d 498.
On appeal, summary judgments are reviewed de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94); 639 So.2d 730. "An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the [moving party] is entitled to judgment as a matter of law." Id. at p. 26; 750. Therefore, like the trial court, we first consider whether the moving party, Southern Pacific, initially proved the absence of genuine issues of material fact.
In support of the Motion for Summary Judgment, Southern Pacific filed portions of Duhon's deposition. A review of the deposition indicates that Duhon testified that, before the May 1994 back injury, he knew of no reason he could not use a spike maul in performing the task of setting spikes, that he had been using this instrument throughout the course of his career with the defendant, and that he had never before been injured while using the spike maul. He stated that, although the accident report indicated he felt a burning sensation in his back while bending down to set the spike, he felt the injury while actually setting the spike. Duhon also testified that the job he was performing was a "one-man job" and admitted that there were enough men present to do the assigned tasks on that day. He affirmed that the spikes in use were new and that the spike maul being used was in good condition. Finally, he testified that following this first injury, in May 1994, he did not return to work until July 1994. His testimony reveals that because he was initially released from his physician's care with restrictions, Southern Pacific denied his return to work. However, Duhon asked for his physician to lift the restriction so that he could return to work.
Duhon's second back injury occurred in February 1995 while he was working with two other employees near Crowley, Louisiana. He testified that this subsequent injury occurred when he was swinging the maul to hit a spike. Once again, he testified that the spike maul was in good condition and that, as foreman, it was his job to take the maul out of service if he found that it was not in working order.[2] When asked what it was that he felt Southern Pacific had done to contribute to this subsequent accident, he responded that he was not adequately tested before returning to work and that he should have had an MRI performed.
Based on this submission, it is apparent that the defendant has met the initial burden of proving no genuine issue of material fact. In the petition instituting this matter, the plaintiff alleged that Southern Pacific was negligent in failing to provide safe and suitable tools for the assigned tasks, in failing to provide a reasonably safe place to work, in failing to provide safe methods of work, and in failing to provide sufficient manpower for the assigned duties. Despite these initial allegations, Duhon's deposition testimony indicates that he admitted that the spike maul being used was in good working order, that it was his duty to point out unsafe working conditions, and that the task he was performing was a one-man job.
In brief to this court, as in his original memorandum opposing summary judgment, Duhon argues, not that the spike maul was defective, but that he should have been provided with a safer alternative, namely, an automated spike hammer. Furthermore, Duhon argues that Southern Pacific provided only the spike maul, despite knowledge that the manual instrument caused lower back injuries.
Contrary to Duhon's argument, federal case law indicates that, "[u]nder FELA, the proper inquiry is whether the method prescribed by the employer was reasonably *123 safe, not whether the employer could have employed a safer alternative method for performing the task." McKennon v. CSX Transportation, Inc., 897 F.Supp. 1024, 1027 (M.D.Tenn.1995)(citing Stillman v. Norfolk & W. Ry., 811 F.2d 834 (4th Cir.1987)). Further, the Fifth Circuit has found that because "there were other, arguably more advanced, methods in use by the defendant ... is of no significance where the method in use by [the employee] was not an inherently unsafe one. The task at which [the employee] was injured was one that could be safely done by the method which he was told to use and was using." Soto v. Southern Pac. Transp. Co., 644 F.2d 1147, 1148 (5th Cir.1981), cert. denied, 454 U.S. 969, 102 S.Ct. 514, 70 L.Ed.2d 386 (1981). Thus, the trial court correctly stated that the relevant inquiry in the instant matter "isn't whether or not there's simply a safer method of doing the work, but whether the method chosen is unsafe on its own."
Southern Pacific's submission indicates that it has met its initial burden of proving that there is no genuine issue of material fact. By the plaintiff's own admission during deposition, the job he was performing was a single person job, the spike maul was not defective, and that, as foreman, it was his responsibility to intervene if something was unsafe. His testimony indicates that he did not intervene on the date of either accident.
Additionally, although not alleged in the petition instituting this matter, the plaintiff alleged during deposition that Southern Pacific did not provide adequate medical testing before he was allowed to return to work. However, Duhon's deposition indicates that the physician allowed only a limited release initially and that, due to this limitation, he could not lift and was not allowed to return to work. Duhon stated that he returned to the doctor and asked that the limitation be lifted so that Southern Pacific would return him to work. Thus, Southern Pacific was apparently confronted with a full medical release before allowing Duhon to work again. Therefore, in this regard as well, we conclude that Southern Pacific's submission satisfies its burden and shifts the burden to the plaintiff to prove the existence of a genuine issue of material fact.
Duhon's submission in opposition to summary judgment contained his own affidavit in which he stated that his department had two mechanical spike hammers and that the hammers were not available to him on the day of the accident. Further, Duhon submitted the affidavit and report of Michael Shinnick, a specialist in the field of ergonomics. In brief to this court, Southern Pacific asserts that neither the affidavit nor the report should be considered because they are not based on personal knowledge as required by La.Code Civ.P. art. 967.
Article 967 of the Louisiana Code of Civil Procedure provides, in part, as follows: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The personal knowledge required by Article 967 has been interpreted as "something which the witness actually saw or heard as distinguished from something he learned from some other person or source." Gardner v. Louisiana State Univ. Medical Center, 29,946, p. 4 (La.App. 2 Cir. 10/29/97); 702 So.2d 53, 56. See also Jones v. Mes, 549 So.2d 902 (La.App. 3 Cir.1989). Furthermore, "[a]n opinion of an expert based solely on his special training and experience, is not based on personal knowledge as contemplated by Article 967." Alexander v. Dauterive Hosp., 595 So.2d 1227, 1229 (La. App. 3 Cir.), writ denied, 600 So.2d 684 (La.1992). See also Ivy v. Freeland, 576 So.2d 1117 (La.App. 3 Cir.1991). If personal knowledge is not shown, an affidavit is fundamentally defective and will not be considered by the court in determining whether summary judgment is appropriate. McCoy v. State Farm Mut. Auto. Ins. Co., 95-689 (La. App. 3 Cir. 11/2/95); 664 So.2d 572. Thus, if true that the affidavit from the plaintiff's proposed expert in ergonomics is not based on personal knowledge, the affidavit is flawed and will not be considered.
Before we turn to the merits of the Southern Pacific's argument, we are mindful that the record evidences no Motion to Strike or objection to the plaintiff's use of Shinnick's *124 affidavit and report. Neither is there any mention of this type of consideration by the trial judge. It would appear, from the record before us, that this argument is being addressed for the first time on appeal. In Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981)(citing Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978)), the Louisiana Supreme Court held that:
The failure of the opposing affiants to affirmatively show that their statements were made on personal knowledge does not prevent judicial consideration of their affidavits. An affidavit which does not measure up to formal standard is subject to a motion to strike. In the absence of such a motion or other objection, the lack of showing of personal knowledge is waived, unless it is clear from the affidavit itself that it is not based on personal knowledge of the facts.
As will be explained in the discussion below, it is clear from the affidavit in the present case that it is not based on personal knowledge of the facts.
Shinnick stated in his affidavit that his report was based on depositions, the "complaint," as well as medical records and, further, that he would not complete a final report until he interviewed Duhon, visited the accident site, and examined the equipment at issue. Thus, it is clear from the affidavit that the conclusions drawn by Shinnick and the opinions offered are not based upon first-hand, personal knowledge, but rather are those "based solely on his special training and experience...." Alexander, 595 So.2d at 1229.
As previously discussed, the only document filed other than those lacking personal knowledge discussed above, was an affidavit by Duhon wherein he affied that Southern Pacific had two mechanical spike hammers and that they were not available to him on the dates of his injuries. However, as previously stated, the actual consideration before the court in this instance, is not whether there existed a safer, better alternative, but whether the task being performed was one that could be safely done by the method being utilized. Soto, 644 F.2d 1147; McKennon, 897 F.Supp. 1024. For this reason, and even if the affidavit and report by Shinnick were properly considered, we do not find that Duhon has proven that a genuine issue of material fact exists as to the adequacy of the spike maul. Neither do we conclude that other factual issues exist which would allow recovery under other allegations of negligence. Therefore, we find this assignment meritless.

Decree
For the foregoing reasons, the decision of the lower court is affirmed. All costs of this appeal are assigned to the plaintiff, Alfred J. Duhon.
AFFIRMED.
YELVERTON, J., concurs.
NOTES
[1] La.Code Civ.P. art. 966 provides, in part, as follows:

A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[2] According to Duhon's testimony, the spike maul involved was a typical maul weighing eight or nine pounds.