DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which granted appellee's motion for summary judgment pursuant to Civ.R. 56. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Lloyd Miller, sets forth the following single assignment of error:
 {¶ 3} "The trial court erred in granting Defendant CSX Transportation, Inc. "CSX" summary judgment because genuine issues of material fact existed as to whether CSX breached its duties owed to Appellant/Plaintiff Lloyd E. Miller." *Page 2 
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On September 15, 2005, appellant filed suit under the Federal Employer's Liability Act ("FELA,") against appellee, CSX Transportation, Inc. On October 20, 2006, appellee filed a motion for summary judgment. The trial court granted the motion on March 1, 2007, and held that appellant had not established negligence or causation against appellee. Appellant filed a timely notice of appeal.
 {¶ 5} Appellant worked for appellee for 33 years as a laborer and welder. The position required appellant to use industrial tools and equipment. He was also required to lift items of varying size and weight.
 {¶ 6} Appellant alleges that two physical injuries resulted from his employment with appellee, lower back pain and a torn right rotator cuff. On August 10, 2004, appellant was diagnosed by Dr. Noel Eboh with two collapsed disc spaces in his lower back, at L4-5 and L5-S1. On August 11, 2004, Dr. Dhiren Nanavati performed rotator cuff surgery on appellant's right shoulder to repair appellant's torn right rotator cuff. Following this surgery, Dr. Nanavati recommended that appellant not return to work. In June 2004, appellant worked his last day for appellee.
 {¶ 7} This court reviews appellant's claim de novo. De novo review is well established as the standard of review for summary judgment.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Cases filed under FELA are governed by state procedural law and federal substantive law. Norfolk Western Ry. Co. v. Liepelt, (1980) 444 U.S. 490, 493. *Page 3 
 {¶ 8} To grant a motion for summary judgment, this court must find "that there is no genuine issue as to any material fact; that the moving party is entitled to a judgment as a matter of law; and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made"Harless v. Wills Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The movant has the initial burden of pointing to the sections of the record that lack the evidence necessary to prove an element of the non-moving party's claim. Hanna v. Dayton Power Light Co. (1998),82 Ohio St.3d 482, 484. This shifts the burden to the non-movant, who must show that evidence does exist that shows a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 9} For a claim filed under FELA to be successful, there must be proof of employer negligence. The elements of "duty, breach, foreseeability, and causation" must be shown. Vance v. Consol. RailCorp. (1995), 73 Ohio St.3d 222, 230. Under FELA, an employer is not liable for the injuries of an employee without proof of negligence by the employer. Soto v. Southern Pacific Transportation Co. (C.A.5 1981)644 F.2d 1147, 1148.
 {¶ 10} In the present case, appellant claims that appellee breached its duty to provide him with a reasonably safe workplace. In support, appellant asserts that his workplace was not reasonably safe in two respects. First, appellant argues that on numerous occasions throughout his tenure appellee failed to provide him with sufficient *Page 4 
help lifting railroad equipment. Second, appellant claims that his job required the use of industrial equipment.
 {¶ 11} In certain instances, railroad employers have a duty to provide workers with additional help lifting heavy equipment. However, this duty is very narrow. Appellant mistakenly generalizes the concept when citingBlair v. Baltimore Ohio Ry. Co., (1945) 323 U.S. 600. Blair is factually different than the case at hand. In Blair, several railroad employees in their 60's were assigned to move a single 5,000 pound object. Blair simply stands for the proposition that the duty of the employer, such as a railroad under the FELA, becomes more imperative as the risk increases.
 {¶ 12} Appellant makes reference to only one specific instance in which he recalls feeling pain while on the job for appellee. Appellant was loading 40 pound rail bars onto a truck. He recalls feeling pain in his right shoulder while doing this task. However, when appellant was asked if the method he used for loading these bars was unsafe, he conceded that it was not. In addition, the incident was never documented. There is nothing in the record to support the notion that this incident was the cause of appellant's torn rotator cuff. Appellant has provided no relevant or compelling evidence to prove that his medical condition was proximately caused by the negligence of CSX.
 {¶ 13} An employer is not required to provide an employee with additional help simply to make his tasks easier. McKennon v. CSXTransportation, Inc. (N.D. Tenn. 1994), 897 F.Supp. 1024, affd (C.A.6 1995), 56 F.3d 64. A task must be inherently unsafe for an employer to be negligent for failing to provide additional help. Soto *Page 5 644 F.2d at 1148. Appellant presents no evidence to show that his work was inherently unsafe.
 {¶ 14} It is well established in FELA cases that the existence of an injury alone does not prove negligence. Wellman v. Norfolk W. Ry.Co. (1998), 127 Ohio App.3d 169. In applying this concept, the courts have reasoned that there is no cause of action for an injury that results from lifting objects over a period of time. Grover v. Atchison,Topeka, Santa Fe Ry. Co. (Mo.App.W.D. 1992), 841 S.W.2d 211. Appellant's own statements support the conclusion that his injuries were not the result of a specific incident. Appellant conjectured that his body simply wore down over time in the course of performing normal job tasks.
 {¶ 15} Appellant's second contention on the issue of duty also fails. Appellant argues that if he can prove that safer and more reasonable alternatives existed, appellee should be liable for failing to implement those alternatives. This court does not dispute this contention. However, appellant fails to introduce any evidence to show the existence of safer alternatives. Simply listing industrial equipment does not show that a reasonably prudent person would have utilized different equipment to provide a safer workplace. There is nothing in the record from which this court could reasonably conclude that the methods utilized by appellant were unsafe.
 {¶ 16} Appellant offers no evidence to show that appellee breached any duties it owed to appellant. Even if appellee had breached its duty to provide a reasonably safe workplace for appellant, appellee offers no evidence that any alleged breach was the *Page 6 
proximate cause of his injuries. It is undisputed that appellant suffers from physical problems. Appellant underwent multiple surgeries. However, to recover under FELA, appellant must prove that these injuries were proximately caused by his employer's negligence. Vance,73 Ohio St.3d at 230. Appellant has failed to introduce causal evidence.
 {¶ 17} The causal connection between a physical disability and its cause must be established by the opinion of a medical witness.Darnell v. Eastman (1970), 23 Ohio St.2d 13, 17. The record contains medical notes and doctor's statements on appellant's shoulder surgery and lower back condition. These records provide a very detailed view of appellant's physical health. However, there is no documentation in support of a causal connection between appellant's physical condition and his employment.
 {¶ 18} Appellant's vague assertions, without medical support, are not sufficient enough to rebut CSX's motion for summary judgment. Wherefore, for the reasons stated herein, we find that appellant's assignment of error is not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., concur. *Page 1