STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-609


ADVANCE PRODUCTS & SYSTEMS, INC.

VERSUS

GARY SIMON, ET AL.


**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-1160
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.


AFFIRMED.


William W. Stagg
Jeffrey Ackermann
Michael J. Vallan
Durio, McGoffin, Stagg & Ackermann
P. O. Box 51308
Lafayette, LA 70505
(337) 233-0300
Counsel for Plaintiff/Appellant:
    Advance Products & Systems, Inc.

**Thomas M. Flanagan**
**Jennifer L. Thornton**
**W. Raley Alford, III**
**Stanley, Flanagan & Reuter, LLC**
**909 Poydras, Ste 2500**
**New Orleans, LA 70112**
**(504) 523-1580**
**Counsel for Plaintiffs/Appellants:**
        **Advance Products & Systems, Inc.**

**Carla Marie Perron**
**Joe House**
**Mark Wham**
**13519 Havershire Lane**
**Houston, TX 77079**
**(713) 468-2786**
**Counsel for Plaintiffs/Appellants:**
        **Advance Products & Systems, Inc.**

**Henry C. Perret, Jr.**
**Frank S. Slavich, III**
**Kyle M. Bacon**
**Perret, Doise**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Defendants/Appellees:**
        **Jean Menard Sullivan**
        **Patrick Sullivan**
        **Lucas Johnson**
        **Chad Calais**
        **Gary Simon**

**Mark R. Beebe**
**Rusty J. Savoie**
**Jody R. Montelaro**
**Peter M. Mansfield**
**Adams & Reese**
**4500 One Shell Square**
**New Orleans, LA 70139**
**(504) 581-3234**
**Counsel for Defendants/Appellees:**
        **Nanette Smith Cazayoux**
        **Francis Eugene Cazayoux**
        **CCI Piping Systems, LLC**
        **Cazayoux Commercial Investments, LLC**

GREMILLION, Judge.

In this case, the plaintiff, Advance Products & Systems, Inc. (APS), appeals the trial court's grant of summary judgment in favor of the defendants, Gary Simon, Chad Calais, Lucas Johnson, Patrick Sullivan, Jean Menard Sullivan, CCI Piping Systems, L.L.C., and CCI Pipeline Services, Ltd.[1] For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are not at issue: APS is owned by Tom Forlander, who was convicted of possession of child pornography and sent to serve his sentence in a federal facility in Beaumont, Texas, beginning in June 2003. During the time he was incarcerated, Tom appointed his wife of one week, Joann Forlander, as the CEO of APS. Joann had been a school teacher and had no experience or knowledge of APS or the industry.

Simon, Calais, Johnson, Sullivan, and Menard were all employed by APS through December 2003, when they departed to work for CCI. This Texas-based company was begun several years prior to this time by APS's former employee, Francis Cazayoux. In December 2003, Cazayoux formed CCI-La, which employed the Employee Defendants.

In March 2004, APS filed a petition for injunctive relief urging that the Employee Defendants violated non-compete and non-disclosure agreements they had entered into while employed by APS. It further urged that one or more defendants

---

[1]In order to distinguish Patrick Sullivan and Jean Menard Sullivan, we will refer to Jean by her maiden name, Menard. When referring only to Calais, Johnson, Sullivan, and Menard, we will use "Employee Defendants." When referring to all of the defendants, we will use "defendants."

1

violated the Louisiana Unfair Trade Secrets Act. CCI answered and filed numerous exceptions and, as plaintiff-in-reconvention, requested attorney's fees. The Employee Defendants also answered and requested attorney's fees and damages.

In September 2004, CCI filed a motion for expedited consideration of motion for injunctive relief urging that APS filed an identical lawsuit in a Texas court. It further filed its own motion for injunctive relief urging that APS be enjoined from pursuing its identical claims in a Texas court. APS then filed a motion to dismiss without prejudice the individual defendants, but not CCI, from the Texas lawsuit.

APS filed an amended and restated petition in December 2004. CCI answered and asserted as plaintiffs-in-reconvention a right to attorney's fees and damages for a groundless lawsuit for purposes of harassment. APS filed an exception and answer to CCI's reconventional demand urging that it was premature.

In early March 2005, the Employee Defendants and CCI filed a motion for summary judgment. In late March 2005, APS opposed all of the defendant's motions for summary judgment urging that there were multiple disputed facts. It further urged that summary judgment was premature because it had not had the opportunity to depose Calais, Johnson, Sullivan, Menard or the Cazayouxs. CCI filed a motion for attorney's fees and costs. APS then filed a motion in opposition and a reconventional demand.

Following a hearing in April 2005, the trial court rendered a judgment granting summary judgment in favor of the Employee Defendants and CCI. The trial court held that there was no genuine issues of material fact as to any claim presented

2

by APS and dismissed its entire case with prejudice at APS's cost. APS now appeals.

After filing appellate briefs, APS filed a motion and incorporated memorandum to strike certain documents that were submitted with the defendants' brief. The Employee Defendants urge that APS failed to object at the trial court level to the inclusion of the mentioned documents and failed to assign as error on appeal the admission of these documents. Although we are inclined to agree with the Employee Defendants, we find this issue moot as none of the documents were relevant to our findings on appeal.

## ISSUES

APS assigns as error:

1.  The trial court abused its discretion by not allowing it to depose the defendants or otherwise engage in needed discovery before ruling on the defendants' motion for summary judgment.

2.  The trial court erred in dismissing the case without a trial because the record reveals that there are genuine issues of material fact as to all of APS's causes of action that APS is entitled to present to a jury for resolution.

3.  The trial court's granting of summary judgment was the product of impermissible credibility determinations.

4.  The trial court's granting of summary judgment was improper because it did not construe all reasonable factual inferences from the evidence in favor of APS.

5.  Summary judgment was improper because defendants' state of mind, motive, and intent are critical factual issues that should be determined by the jury at a trial on the merits.

## SUMMARY JUDGMENT

The law pertaining to summary judgment was discussed by the Louisiana

3

Supreme Court in its per curiam opinion in *Hines v. Garrett*, 04-0806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66 (alteration in original):

> We review a district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.* Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/13/03), 853 So.2d 645.

**DISCOVERY**

In its first assignment of error, APS argues that the trial court erred in failing to allow it additional time for discovery. As noted below, the issue was raised at the summary judgment hearing and the trial court specifically found that APS had adequate time to conduct whatever discovery it needed and that additional time for discovery would not change the result. Louisiana Code of Civil Procedure Article 966(C)(1)states: "After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is

4

entitled to judgment as a matter of law shall be granted." Additionally, La.Code Civ.P. art. 966(B) allows the trial court, for good cause, to give the party adverse to the motion for summary judgment, "additional time to file a response, including opposing affidavits or depositions."

La.Code Civ.P. art. 967(C) states (emphasis added):

> If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court *may* refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In *Simoneaux v. E.I. du Pont de Nemours and Co., Inc.*, 483 So.2d 908, 912-13 (La. 1986), the supreme court stated:

> There is no absolute right to delay action on a motion for summary judgment until discovery is completed. Under C.C.P. 967, a trial judge clearly has the discretion to issue a summary judgment after the filing of affidavits, or the judge *may* allow further affidavits or discovery to take place.
>
> . . .
>
> The only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact.

This court uses the abuse of discretion standard to determine if the trial court allowed adequate time for discovery. *See Mouton v. Sears Roebuck and Co.,* 99-669 (La.App. 3 Cir. 11/2/99), 748 So.2d 61, *writ denied,* 99-3386 (La. 2/4/00), 754 So.2d 232 .

We find that the trial court did not abuse its discretion in declining to allow APS additional time to obtain telephone records and to depose the Employee Defendants. APS had more than a year to depose witnesses between the time it filed

5

for injunctive relief in March 2004, and the summary judgment hearing in April 2005. This assignment of error is without merit.

## NON-COMPETE AGREEMENT

APS next argues that genuine issues of material fact exist with regard to non-compete agreements signed by Simon and Menard. Simon and Menard signed non-compete agreements on June 2, 1988, during their first round of employment with APS. Simon left in 1990, and Menard in 1991. The agreement provided that they would not compete with APS upon termination of their employment within the same geographical region for two years. Simon and Menard resumed working for APS shortly after their departure and did not resign until December 2003. However, during that time, neither Simon nor Menard signed new non-compete agreements. There is no dispute that they did not violate the non-compete agreement following their initial departure from APS. Both, however, went to work for CCI, a competitor of APS in the same geographical region, after their departure in December 2003. Both APS and the Employee Defendants agree that pre-1989 law on non-compete agreements applied to the contracts.

APS argued at the hearing and in its brief that the agreements were ratified when Simon and Menard returned to work because they resumed work having all of the benefits they had before they left, such as seniority and vacation time. It urges there are factual and legal disputes as to what effect Simon and Menard's brief departure had on their non-compete agreements.

At the conclusion of the arguments, the trial court stated:

> I find that, as to those defendant employees who had no noncompetitive
> agreement signed, I'm granting the motion for summary judgment. As

6

to the two that did, I'm granting a motion for summary judgment as well. . . I'm granting this one as well, on the basis that I do believe that a noncompetitive agreement as it was viewed prior to the 1990 revision, or 1989 statutes, cannot be novated or ratified. I think that, applying pre-1990 law, that would be frowned upon. And, secondly, I do not find that there is any evidence – any substantive fact brought forth by the plaintiff to show me that he will even be able to come close to meeting his burden of proof at trial or showing substantial expenditure or time spent specifically on the employee as required by *National Motor Club v. Conque* and the *Orkin* case.

Specifically, the – the *Orkin* case is really now the keynote case, because it was– it went far beyond what *National Motor Club* has.

Louisiana Revised Statute 23:921 contains the law governing non-compete agreements. Apart from the requirements of pre-1989 law, we agree that the non-compete agreements could not be ratified or novated. There was no evidence to suggest that the employees intended to ratify the contracts, and we agree that pre-1989 law would frown upon the ratification of a non-compete agreement, which must be strictly construed against the party seeking its enforcement and strictly construed in favor of employees. *See SWAT 24 Shreveport Bossier, Inc. v. Bond, Sup. 2001,* 00-1695 (La. 6/29/01), 808 So.2d 294; *Petroleum Helicopters, Inc., v. Untereker*, 98-1816 (La.App. 3 Cir. 3/31/99), 731 So.2d 965, *writ denied,* 99-1739 (La. 8/5/99), 747 So.2d 40. Moreover, the overriding principles of public policy dictate that non-compete agreements are not favored in Louisiana. *Id.* Accordingly, we find that the non-compete agreements were no longer valid when Sullivan and Menard resumed working for APS. Moreover, even if we assumed that they were ratified, there was no evidence to suggest that APS would have been able to meet its burden of proving that it had invested substantial sums in specially training Sullivan or Menard or in advertising their connection with APS, as required by the pre-1989 law pertaining to

7

non-compete agreements. *See Nat'l Motor Club of La., Inc. v. Conque,* 173 So.2d 238 (La.1965), *Orkin Exterminating Co. v. Foti*, 302 So.2d 593 (La.1974). Accordingly, we agree that APS will be unable to satisfy its evidentiary burden at trial and that no genuine issues of material fact exist.

## LOUISIANA UNIFORM TRADE SECRETS ACT / CONFIDENTIALITY AGREEMENTS

In this assignment of error, APS urges that the Employee Defendants signed confidentiality agreements and had a duty to protect confidential information. APS argues that there are genuine issues of material fact regarding whether the Employee Defendants misappropriated from APS and disclosed to CCI: (1) APS's customer list and contact information; (2) APS's design and process for manufacturing plastic casing spacers; and (3) APS's accounting and pricing software and data. In order to show that the trade secrets have been misappropriated, APS would have to prove that 1) a trade secret existed, and 2) that they were misappropriated by the Employee Defendants**.** La.R.S. 51:1431; *Pontchartrain Medical Labs, Inc. v. Roche Biomedical Labs., Inc.,* 95-2260 (La. App. 1 Cir. 6/28/96), 677 So.2d 1086.

Louisiana Revised Statute 51:1431(4) states:

"Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

8

Misappropriation means:

> (a) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

> (b) disclosure or use of a trade secret of another without express or implied consent by a person who:

> > (i) used improper means to acquire knowledge of the trade secret; or

> > (ii) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:

> > > (aa) derived from or through a person who had utilized improper means to acquire it;

> > > (bb) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

> > > (cc) derived from or though a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

> > (iii) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it has been acquired by accident or mistake.

La.R.S. 51:1431(2).

> The trial court stated at the hearing:

> [I] think that in the motion for summary judgment, the plaintiff would have to at least be able to show me the list somehow got into the hands of the employees, either that he gave it to them or that they took it surreptitiously. And I don't see that at this point; nor do I see that giving the plaintiff any additional time for discovery would solve that problem, because, I think, at best, it would raise suspicions but not substantive facts. So I'm going to grant the motions for summary judgment with regard to the trade secrets as well.

> . . . .

9

. . . [I]t seems to me that what you're asking the Court to do is to allow you to go on an expedition to determine whether or not you can find any evidence to support your defense of this motion for summary judgment. You're not telling me that there is evidence out there. You're telling me you have the right to explore it. I agree that you had a right to discovery in this case; but I think that in light of the motion for summary judgment, you have to be able to give me more than, "We have the right to explore."

. . . .

. . . [T]he law as I understand it says you had to come here today with substantive facts to show the – my authority to allow you to take discovery is discretionary; and I think that in order for me to exercise that discretion in your favor, you would have had to have given me something a little more solid. I mean, just tell me that, you know, there's one person who has a telephone list that is suspicious or that would indicate a number of clients were called. I don't have any of that.

I think the other side of the coin is that the defendants have a right to be relieved of the burden of the lawsuit if they can show what they need to show on summary judgment. That's what summary judgment is for, and I think they've met it. So I'm going to stand on my rulings.

And as to the confidentiality agreement, without being able to show that any confidence was breached, then I will grant that motion as well.

We agree with the trial court's grant of summary judgment on this issue as well. It was clear at the hearing that APS had no factual basis, nor any proof that there were any trade secrets involved, much less if they were misappropriated. Counsel repeatedly stated that he "thought" someone made a copy of the customer list and, again, argued that he did not have enough time for discovery. At the conclusion of APS's argument in its brief, it states, "APS should be allowed to explore the state of mind of the defendants and present its evidence." Counsel claimed at the hearing that some phone records will establish the taking of client lists. As we have stated before, there was no error in the trial court's refusal to allow additional time for

10

discovery. Simply, there is no evidence, only unsubstantiated allegations, and that is simply insufficient. There is no doubt that APS will be unable to meet its burden of proving that a trade secret existed, was misappropriated, or that any confidentiality was breached.

## LOUISIANA UNFAIR TRADE PRACTICES/FIDUCIARY DUTY

APS also argued that the Employee Defendants violated La.R.S. 51:1401 et seq., otherwise known as the Louisiana Unfair Trade Practices and Consumer Protection Law. Louisiana Revised Statutes 51:1405(A) declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In order to recover under the act, APS would have to prove fraud, deceit, misrepresentation, or other unethical conduct. *Dixie Sav. and Loan Ass'n v. Pitre*, 99-154 (La.App. 5 Cir. 7/27/99), 751 So.2d 911, *writ denied,* 99-2867 (La. 12/10/99), 751 So.2d 855.

In this assignment of error, APS urges that "there are credibility determinations and fact issues for trial regarding whether the defendants intended to harm APS's business," and that there is "circumstantial evidence, which on a remand will be bolstered by future depositions and document requests, that the defendants acted with malice." Again, APS makes the same allegations as it did with regard to misappropriation of trade secrets without any evidence to support it. As to what duties were owed or what breach might have occurred, APS's counsel replied at the hearing that "it goes to the discovery issues." As we have previously noted, there was no error in the trial court's refusal to allow additional time for discovery and, clearly, APS will be unable to meet its burden of proof at trial.

11

Based on the foregoing, we find no merit in APS's assignments of error. We find that the trial court did not make impermissible credibility determinations, nor did it fail to construe all reasonable factual inferences from the evidence in favor of APS. Finally, without any evidence that any of its claims will be proven at trial, the issue of the Employee Defendants' state of mind, motive, and intent are never reached. Accordingly, these assignments of error are without merit.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of the defendants, Gary Simon, Chad Calais, Lucas Johnson, Patrick Sullivan, Jean Menard Sullivan, CCI Piping Systems, L.L.C., and CCI Pipeline Services, Ltd. is affirmed. All costs of this appeal are assessed against Advance Products & Systems, Inc.

**AFFIRMED**.