HEARD: January 4, 2011
CIRCULATED: January 5, 2011
PANEL: JTG #1; JCP #2; EAP #3
RECOMMEND: Publication.

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 10-904

SHARON LECROY, INDIVIDUALLY
AND ON BEHALF OF BRANDY COOK

VERSUS

BYRD REGIONAL HOSPITAL,
DR. HUSSEIN ALAMMAR,
DR. MOHAMED SHEHATA,
DR. HEMANT PANDE, AND
DR. JOSEPH CROOKSHANK, JR.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 79,099-B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

John E. Morton
Morton Law LLC
1450 Peterman Drive
Post Office Box 11950
Alexandria, Louisiana 71315
(318) 448-1771
COUNSEL FOR PLAINTIFF/APPELLANT:
    Sharon LeCroy

**J. Gregory Bergstedt**
**Jodi C. Andrews**
**Fraser, Wheeler, & Bergstedt**
**4350 Nelson Road**
**Post Office Box 4886**
**Lake Charles, Louisiana  70605**
**(337) 478-8595**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Dr. Joseph W. Crookshank, Jr.**


**Frederick B. Alexius**
**Jeremy C. Cedars**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel, APC**
**934 Third Street, Suite 800**
**Post Office Drawer 1791**
**Alexandria, Louisiana  71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**National Healthcare of Leesville, Inc. d/b/a**
**Byrd Regional Hospital**

**GENOVESE, Judge.**

In this medical malpractice case, Sharon LeCroy, individually and on behalf of the estate of Brandy Cook, appeals the trial court's grant of summary judgment in favor of Defendants, Dr. Joseph W. Crookshank, Jr. and National Healthcare of Leesville d/b/a Byrd Regional Hospital. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 28, 2005, Brandy Cook presented to the emergency department of Byrd Regional Hospital in Leesville, Louisiana, via ambulance with complaints of altered mental status and an increased respiratory rate. Ms. Cook was seen by Defendant, Dr. Joseph W. Crookshank, Jr., who contacted Ms. Cook's treating physician, Defendant, Dr. Hussein A. Alammar; however, Dr. Alammar advised Dr. Crookshank that he was "unable to accept [Ms. Cook] any longer and [that] he had recommended that [she] go to a neurologist in Alexandria or Shreveport." According to the Petition for Damages, "Dr. Crookshank suggested a psych evaluation, which was declined, and discharged [Ms. Cook] home." The following morning, Ms. Cook was found unresponsive and was transported via ambulance back to Byrd Regional Hospital in cardiac arrest, where efforts to resuscitate her were unsuccessful and she expired. An autopsy was performed by Dr. Collie Trant, a forensic pathologist for the Lafayette Parish Coroner's Office, whose report stated that the cause of Ms. Cook's death was an "accident" caused by "[a]cute citalopram[1] use[.]"

This matter was submitted to a medical review panel, and, on December 10, 2007, the medical review panel rendered an opinion wherein it unanimously found that the evidence did not support the conclusion that Dr. Crookshank and Byrd

---

[1]Citalopram, also known as Celexa, is a serotonin reuptake inhibitor and was not prescribed for Ms. Cook at the time of her death.

Regional Hospital failed to comply with the appropriate standard of care. The medical review panel's written opinion specified, in pertinent part:

> With respect to Dr. Crookshank, the panel finds that his treatment of the patient was proper in all respects. He attempted to get Dr. Alammar to come in to treat the patient, and he referred the patient for other consults. He also treated the potassium deficiency properly.
>
> With respect to [Byrd Regional Hospital], the panel finds that the nursing staff and hospital personnel properly and timely followed all physician orders and directives. The patient was timely triaged each time[] and was monitored throughout the patient's stays in the hospital.

Ms. LeCroy instituted this medical malpractice lawsuit on January 23, 2008, naming, among others, Dr. Crookshank and Byrd Regional Hospital as defendants. Dr. Crookshank and Byrd Regional Hospital each filed motions for summary judgment, asserting that Ms. LeCroy will be unable to sustain her burden of proving that they breached the appropriate standard of care owed to Ms. Cook because Ms. LeCroy offered no expert testimony as to the standard of care and offered no evidence as to whether said standard of care had been breached.

In her opposition to the motions filed by Dr. Crookshank and Byrd Regional Hospital, Ms. LeCroy offered the affidavit[2] of Dr. William Fann, a pharmacologist, in which he opined that Ms. Cook "died by suicide." Dr. Fann further opined that "Dr. Crookshank's failure to properly evaluate [Ms. Cook] for suicide potential, and Dr. Alammar's refusal to continue treating her on her visit to [Byrd Regional Hospital] on [July 28, 2005], fell below standards and, within reasonable medical probability, caused her to suicide [sic]." Ms. LeCroy supplemented her opposition to the motions filed by Dr. Crookshank and Byrd Regional Hospital by offering a

---

[2]This affidavit is dated September 18, 2009, and is Dr. Fann's first of two affidavits.

second affidavit[3] from Dr. Fann, wherein his opinion had changed. This affidavit declared:

> I have been made aware of the following sequence of events:
>
> A.   Dr. Ghanta, in her sworn deposition of November 6, 2009, testified that she discontinued the prescription of citalopram (Celexa), a serotonin reuptake inhibitor (SSRI), over a year before [Ms.] Cook's death.
>
> B.   Dr. Ghanta instituted a prescription for escitalopram (Lexapro), which is also an SSRI and an enantomer [sic] of citalopram, in the year before [Ms.] Cook's death in July 2005.
>
> C.   On July 5, 2005, Diflucan was added to [Ms.] Cook's prescription medication regimen for the treatment of her severe candidiasis esophagitis. Diflucan inhibits the metabolism of escitalopram and thereby raises its blood level.
>
> []
>
> The combination of prescriptions for Lexapro and Diflucan, under these circumstances, within reasonable medical probability, caused the elevated citalopram levels discovered at autopsy and listed as the cause of Ms. Cook's death.
>
> []
>
> Dr. Alammar, who prescribed the Diflucan, should have been aware of the known contraindications for its use under these circumstances and should have given cognizance to this known interaction of Diflucan and Lexapro.

A hearing was held on November 9, 2009. After taking the matter under advisement and allowing the parties to submit post-trial memoranda, the trial court issued Written Reasons on January 14, 2010, granting the motions for summary judgment filed by Dr. Crookshank and Byrd Regional Hospital. The trial court signed its Judgment on April 6, 2010. Ms. LeCroy has appealed.

---

[3]This is Dr. Fann's second affidavit. It is dated November 6, 2009.

3

**LAW AND ANALYSIS**

*Assignment of Error*

In her sole assignment of error, Ms. LeCroy alleges that "[s]ummary judgments in favor of [Dr.] Crookshank and Byrd Regional Hospital were inappropriate due to pending discovery request[s] and allegations of fault among the health care providers."

*Standard of Review*

Our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, [06-363 (La. 11/29/06)], 950 So.2d 544, [*see* La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, [06-1181 (La. 3/9/07)], 951 So.2d 1058[]; *King v. Parish National Bank*, [04-337 (La. 10/19/04)], 885 So.2d 540, 545; *Jones v. Estate of Santiago*, [03-1424 (La. 4/14/04)], 870 So.2d 1002[.]

*Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted). Louisiana Code of Civil Procedure Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

***Discussion***

In the present case, Dr. Crookshank and Byrd Regional Hospital, who are the movants in these motions for summary judgment, do not bear the burden of proof at trial on the issue of whether medical malpractice was committed. Louisiana Revised Statutes 9:2794(A) provides that the plaintiff shall prove:

> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
>
> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
>
> (3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

Thus, pursuant to La.R.S. 9:2794(A) and the jurisprudence interpreting said statute, Ms. LeCroy has the burden of proving, by a preponderance of the evidence, the following: (1) the standard of care for treating a patient such as Ms. Cook; (2) that Dr. Crookshank and Byrd Regional Hospital breached that standard of care; and, (3) that the breach caused Ms. Cook's death. *See also Browning v. West Calcasieu Cameron Hosp.*, 03-332 (La.App. 3 Cir. 11/12/03), 865 So.2d 795, *writ denied*, 03-3354 (La. 2/13/04), 867 So.2d 691.

Dr. Crookshank and Byrd Regional Hospital have met their initial burden of proof on their motions for summary judgment. The medical review panel concluded that there is an absence of factual support for Ms. LeCroy's contention that there was

5

a breach of the standard of care, which is an essential element of her claim. Therefore, the burden shifts to Ms. LeCroy "to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial . . . ." La.Code Civ.P. art. 966(C)(2). Thus, one issue presently before this court is whether the trial court was correct in ruling that Ms. LeCroy failed to demonstrate that she presented sufficient evidence to prove her malpractice claims against Dr. Crookshank and Byrd Regional Hospital at trial.

On appeal, Ms. LeCroy argues that the trial court prematurely granted summary judgment because Dr. Crookshank purportedly admitted in his deposition that he did not follow the hospital's chain-of-command policy when Ms. Cook's primary care physician, Dr. Alammar, refused to attend to her. Ms. LeCroy also argues that the trial court was premature in granting summary judgment in favor of Byrd Regional Hospital because she had served requests for production of documents relative to the hospital's alleged knowledge that Dr. Alammar had previously abandoned other patients.

Dr. Crookshank counters that "the only expert opinions with regard to [his] treatment were the opinions of the medical review panel members who unanimously found that [he] did not breach the standard of care." Byrd Regional Hospital argues that Ms. LeCroy "did not enter any evidence to support the claim that [it] had any actual knowledge of Dr. Alammar's conduct."

"Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Samaha*, 977 So.2d at 884 (citing *Pfiffner v. Correa*, 94-924, 94-963,

6

94-992 (La. 10/17/94), 643 So.2d 1228). The affidavits of Dr. Fann filed in opposition by Ms. LeCroy do not attest to the standard of care owed to Ms. Cook by Dr. Crookshank, nor do they attest that he did anything wrong in his treatment of her. The affidavits of Dr. Fann also do not attest to the standard of care owed to Ms. Cook by Byrd Regional Hospital, nor do they attest that it breached the standard of care relative to Ms. Cook's treatment. Pursuant to our *de novo* review of the record, we conclude that the trial court was correct in holding that Ms. LeCroy failed to produce sufficient evidence to establish that she will be able to prove a breach of the standard of care at trial; thus, no genuine issue of material fact exists, and the motions for summary judgment filed by Dr. Crookshank and Byrd Regional Hospital were both properly granted.

We next address the issue of whether the trial court's grant of summary judgment was inappropriate because of outstanding discovery. The record reflects that Ms. LeCroy filed suit on January 23, 2008. In April of 2009, Ms. LeCroy served discovery upon Byrd Regional Hospital which sought to elicit information regarding Byrd Regional Hospital's alleged knowledge of Dr. Alammar's propensity to abandon patients. Pursuant to Ms. LeCroy's request in May of 2009 that this matter be set for trial, the trial court scheduled a trial by jury for April 26, 2010. The motions for summary judgment at issue herein were filed in August and September of 2009. Ms. LeCroy filed a motion to compel discovery on October 20, 2009, alleging that Byrd Regional Hospital "failed to provide adequate and sufficient responses to said discovery . . . ." The hearing on the motion for summary judgment filed by Byrd Regional Hospital was held on November 9, 2009.

Louisiana Code of Civil Procedure Article 966(A)(1) provides that a defendant

7

is able to move for summary judgment "at any time." Further, La.Code Civ.P. art. 966(C)(1) provides that "[a]fter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted."

> The provision for adequate discovery does not grant a party an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. *West v. Watson*, 35,278 (La.App. 2 Cir. 10/31/01), 799 So.2d 1189, *writ denied*, 01-3179 (La.2/8/02), 809 So.2d 140. Unless the party opposing the motion for summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simon*, 06-609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07-26 (La.3/9/07), 949 So.2d 444. The abuse of discretion standard is used to determine if the trial court allowed adequate time for discovery. *Id*.

*Prime Income Asset Mgmt., Inc. v. Tauzin*, 07-1380, pp. 13-14 (La.App. 3 Cir. 4/30/08), 981 So.2d 897, 905-06. In the case before us, the motions for summary judgment filed by Dr. Crookshank and Byrd Regional Hospital were made more than a year after suit was filed and four years after the incident in question. As such, on the facts presented in this case, we find no error in the trial court's grant of summary judgment while there was outstanding discovery.

## DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Dr. Crookshank and Byrd Regional Hospital is affirmed. All costs of this appeal are assessed to Plaintiff/Appellant, Sharon LeCroy, individually and on behalf of the estate of Brandy Cook.

**AFFIRMED.**

8