# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**12-462**

RAYMOND ALEX, SR.

VERSUS

BNSF RAILWAY COMPANY

\*\*\*\*\*\*\*\*\*\*
### APPEAL FROM THE
### FIFTEENTH JUDICIAL DISTRICT COURT
### PARISH OF ACADIA, DOCKET NOS. 09-10760
### HONORABLE HERMAN CLAUSE, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

### SYLVIA R. COOKS
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Blake G. Arata, Jr.
W. Chad Stelly
C. Perrin Rome, III
Rome, Arata, Baxley & Stelly, L.L.C.
650 Poydras Street, Suite 2017
New Orleans, LA 70130
(504) 522-9980
**ATTORNEYS FOR PLAINTIFF/APPELLANT**
    Raymond Alex, Sr.


Christopher J. Aubert
David M. Gold
The Aubert Law Firm
506 E. Rutland Street
Covington, LA 70433
(985) 809-2000
**ATTORNEYS FOR THIRD PARTY DEFENDANTS/APPELLEES**
    Edward Zenon, Jr., Paccar Leasing Company, and
    Creole Fermentation Industries, Inc.

J.E. McElligott, Jr.
Kevin M. Dills
Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards
810 S. Buchanan Street
P.O. Drawer 2908
Lafayette, LA  70502-2908
(337) 237-1660
**ATTORNEYS FOR DEFENDANT/APPELLEE**
    BNSF Railway Company

**Cooks, Judge.**

## FACTS AND PROCEDURAL HISTORY

On July 12, 2006, Plaintiff, Raymond Alex, Sr., was driving a company boom truck while in the course and scope of his employment as a structure carpenter for BNSF Railway Company. At approximately 3:00 p.m. on that date, Plaintiff was traveling in a southerly direction on North Eastern Avenue in Crowley on his way to a job site in Mermentau. Immediately after stopping at an intersection, Plaintiff's vehicle was rear-ended by a large tractor-trailer rig driven by Edward Zenon, Jr. At the time of the accident, Mr. Zenon was in the employ of Creole Fermentation Industries, Inc.

As a result of the accident, Plaintiff alleged he suffered injuries to his neck with radiating pain down his right arm into his hand. Plaintiff was given injections in his neck initially, but eventually required cervical surgery.

On July 6, 2007, Plaintiff filed suit for injuries arising out of the accident against Edward Zenon, Jr., the lessor of the tractor/trailer, PACCAR Leasing Company, and Zenon's employer, Creole Fermentation (hereafter the Zenon defendants). In the petition, Plaintiff asserted the "sole cause of the instant incident was the negligence of Edward Zenon, Jr." After initial discovery was conducted, Plaintiff settled with the Zenon defendants.

On July 9, 2009, Plaintiff filed a lawsuit against BNSF under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, et seq. It was alleged that BNSF was negligent for failing to provide a reasonably safe place to work, failing to warn Plaintiff of dangerous conditions, and providing a poorly designed truck for him to work in. BNSF filed an answer on October 14, 2009. Written requests for discovery were exchanged by the parties. BNSF responded to Plaintiff's request for discovery in March, 2010.

On June 14, 2010, not having received a response to its request for discovery, BNSF filed a Motion for Summary Judgment, contending Plaintiff "has not and cannot produce any evidence which shows BNSF was in any way negligent and/or that it did anything that caused or contributed to the subject accident or his alleged injuries." In its motion, BNSF noted that FELA, unlike state workers' compensation systems, requires a showing of negligence to recover. BNSF maintained Plaintiff would be unable to make such a showing, thus summary dismissal was appropriate. Plaintiff countered that there were genuine issues of material fact which required denial of the motion for summary judgment. In the alternative, Plaintiff contended that further discovery was necessary to address the issues raised by BNSF and as such summary dismissal was premature.

In July of 2010, Plaintiff requested certain BNSF employees be made available for depositions. Plaintiff also requested the summary judgment hearing scheduled for July 19, 2010 be continued so further discovery could be conducted. BNSF did not object and the hearing was continued without a set date.

In the interim, on September 17, 2010, BNSF also filed a Third Party petition for indemnity and/or contribution against the Zenon defendants. In this petition, BNSF contended, should Plaintiff be successful in proving any liability on the part of BNSF, "such liability would necessarily be secondary and/or passive in nature as compared to the primary and/or active negligence" of the Zenon defendants. Thus, BNSF would be entitled to indemnity and/or contribution from the Zenon defendants in any amounts it may be required to pay as a result of the incident.

On March 29, 2011, Plaintiff was deposed and testified on the day of the accident he was not operating his normal truck, because "it was out of service." He stated he was given an "old truck that they sent from Texas." Plaintiff also testified he was assigned the truck and was its only driver on the day in question.

2

He acknowledged he signed off on the operating condition of the truck. Shortly after the accident, he signed a report averring that BNSF did nothing to contribute to the accident or his injuries. Plaintiff also stated there appeared to be little apparent damage to the BNSF vehicle following the accident, and it was drivable.

BNSF filed a supplemental motion for summary judgment on June 3, 2011, with Plaintiff's deposition attached as an exhibit. The motion was set for hearing on July 5, 2011, but was continued until August 29, 2011 on Plaintiff's motion. A few days before the scheduled hearing, Plaintiff responded to the motion for summary judgment, again arguing BNSF was negligent for failing to provide a reasonably safe place to work and providing an inferior truck to him. Plaintiff also asserted additional discovery was warranted. BNSF replied that allegations of negligence and causation alone are insufficient to defeat a properly supported motion for summary judgment. With respect to the additional discovery issue, BNSF argued it did not resist the depositions requested by Plaintiff's counsel, evidenced by the fact that there is no motion to compel in the record. BNSF also noted none of the witnesses requested were present at the accident, and could not contribute anything of merit to the negligence and causation allegations.

On August 29, 2011, the motion for summary judgment was heard. The trial court granted BNSF's motion, explaining in open court that it found no evidence in the record that the condition of the BNSF truck Plaintiff was driving caused or contributed to his injuries in any way. The trial court also responded to Plaintiff's request for additional discovery, stating that the BNSF employees sought to be deposed could not provide competent evidence concerning causation. Final judgment was signed, granting the motion for summary judgment. This appeal followed, wherein Plaintiff contends the trial court's grant of summary judgment was erroneous. Plaintiff argues he presented sufficient evidence of genuine issues

3

of material fact, particularly under the reduced burden to be applied in cases under FELA. In the alternative, Plaintiff argues "consideration of Defendant's Motion for Summary Judgment should be pretermitted, pending completion of a reasonable amount of discovery."

## ANALYSIS

In *Dinger v. Shea*, 96-448, pp. 4-5 (La.App. 3 Cir. 12/11/96), 685 So.2d 485, 488-89, we set forth the standard of appellate review of summary judgments:

> Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Potter v. First Federal Sav. and Loan Ass'n*, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is "material" if its existence potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the relevant legal dispute. *Cormier v. Wise*, 93-1434 (La.App. 3 Cir. 6/1/94), 638 So.2d 688. A fact is "at issue" if there exists any reasonable doubt as to its existence. *Durrosseau v. Century 21 Flavin Realty, Inc.*, 594 So.2d 1036 (La.App. 3 Cir.1992).

> . . . .

> In the past, any doubt regarding the existence of material facts was to be resolved against granting the summary judgment, even if grave doubts existed as to a party's ability to establish disputed facts at trial. *Penton* [*v. Clarkson*, 93-657 (La.App. 1 Cir. 3/11/94)], 633 So.2d 918. The amendment does not change the law regarding burdens of proof, as the mover is still required to prove the absence of a genuine issue and his entitlement to judgment. *Short v.* [*Giffin*], 96-361 (La.App. 4 Cir. 8/21/96); 682 So .2d 249; *Walker v. Kroop*, 96-618 (La.App. 4 Cir. 7/24/96); 678 So.2d 580. However, it now appears, based on the new language of section (C), that in order to rebut a showing made by the mover of the non-existence of a genuine issue of material fact, the non-moving party will be held to a higher standard of proof, i.e., a non-moving party must sufficiently establish the existence of proof of an essential element of his claim on which he is to bear the burden of proving at trial.

The lawsuit filed by Plaintiff against BNSF was brought pursuant to FELA, which

4

provides the exclusive remedy for railroad workers against their railroad employers for work-related injuries. "In order to recover under FELA, the plaintiff must establish that (1) he was injured within the scope of his employment; (2) the employment was in furtherance of the railroad's commerce in interstate transportation; (3) his employer was negligent; and (4) this negligence played a part in causing his injury." *West v. National Railroad Passenger Corp.*, 03-1707, p. 5 (La.App. 4 Cir. 6/23/04), 879 So.2d 327, 333, *writ denied*, 04-1867 (La. 10/29/04), 885 So.2d 593, citing *Williams v. Southern Pacific Transp. Co.*, 813 F.Supp. 1227 (S.D.Miss.1992). Although a FELA case may be brought and adjudicated in state courts, the state's procedural laws will govern while the substantive law remains federal. *Duhon v. Southern Pacific Transp. Co.*, 98-268 (La.App. 3 Cir. 10/7/98), 720 So.2d 117.

Plaintiff argues "it is well accepted that a plaintiff in a FELA case has an 'easier burden' in getting his burden to a jury than in an ordinary negligence case." However, in the instant case the trial court found there was *no evidence* presented that the condition of the truck played any part in the injuries suffered by Plaintiff. Thus, it found it could not prevail even under this "easier burden."

In his deposition, Plaintiff complains about three conditions that caused the "old" truck to be unsafe. Specifically, he alleges the seats on the inside of the truck were dry-rotted, the shocks "weren't a hundred percent," and the boom did not always operate properly. As BNSF notes, these allegations of the truck's condition are not material to the truck's crash-worthiness. Further, Plaintiff testified that the Zenon truck was going very fast when it struck the BNSF truck. Plaintiff testified the Zenon truck was "damaged pretty heavily," but the BNSF truck did not suffer much damage. Plaintiff acknowledged in the affirmative that the BNSF was in fact "pretty crashworthy."

5

Plaintiff did testify that the lack of a headrest "maybe" contributed to his injuries. We find the failure to submit any evidence beyond this one self-serving allegation is insufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. The law is clear that the non-moving party is not allowed to rely simply on the allegations of its pleadings in opposition to a properly supported motion for summary judgment.

We also find no merit to Plaintiff's contention that the trial court erred in failing to allow additional time for further discovery. In the lower court proceedings, the hearing was continued, at Plaintiff's request, in excess of one year to allow for adequate discovery. Despite this, Plaintiff still contended at the hearing that he needed additional time for discovery. This court in *LeCroy v. Byrd Regional Hospital*, 10-904, pp. 13-14 (La.App. 3 Cir. 4/30/08), 981 So.2d 897, 905-06, holding that additional discovery was not warranted when the plaintiff had over a year to engage in same, stated:

> The provision for adequate discovery does not grant a party an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. *West v. Watson*, 35,278 (La.App. 2 Cir. 10/31/01), 799 So.2d 1189, *writ denied*, 01-3179 (La.2/8/02), 809 So.2d 140. Unless the party opposing the motion for summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simon*, 06-609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07-26 (La.3/9/07), 949 So.2d 444. The abuse of discretion standard is used to determine if the trial court allowed adequate time for discovery. *Id*.

We find no merit to Plaintiff's argument that the grant of summary judgment was premature.

We also note the trial court found the BNSF employees sought to be deposed by Plaintiff were not present at the accident, and could not provide competent evidence concerning causation. We find no error in the trial court's reasoning in this regard.

6

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Raymond Alex, Sr.

**AFFIRMED.**