Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,928-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SEAN VAN BUREN                                 Plaintiff-Appellant

versus

KANSAS CITY SOUTHERN                           Defendant-Appellee
RAILWAY COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 633,327

Honorable Michael A. Pitman, Judge

* * * * *

SHERMAN & LACEY, LLP                           Counsel for Appellant
By: Colin D. Sherman

CHRISTY & FERGUSON LAW FIRM
By: C.E. Sorey, II

DAVIDSON, MEAUX, SONNIER,                       Counsel for Appellee
MCELLIGOTT, FONTENOT, GIDEON
& EDWARDS, LLP
By: Kevin M. Dills
    Kyle L. Gideon
    Jami L. Ishee

* * * * *

Before STEPHENS, THOMPSON, and ELLENDER, JJ.

**ELLENDER, J.**

Sean Van Buren appeals a summary judgment finding that his claim against his employer, Kansas City Southern Railway ("KCS"), under the Federal Employer's Liability Act ("FELA") was precluded by another federal statute, the Federal Railroad Safety Act ("FRSA"), and dismissing his claim. For the reasons expressed, we affirm.

## PROCEDURAL BACKGROUND

Van Buren was employed as a carman by KCS. In June 2019 he was making repairs to a railcar in the Shreveport railyard. Stepping away from the car, he slipped on loose ballast (the gravel or rocks that provide support and drainage for a railroad track). As a result, he fell and allegedly injured his shoulder, back, and neck. In a deposition, Van Buren stated this ballast was not properly stacked, creating an unsafe walking surface.

Van Buren filed this suit, in the First Judicial District Court, seeking damages under FELA, 45 U.S.C. § 51, and demanding a jury trial. KCS immediately admitted the claim was governed by FELA but contended it was preempted by other federal regulations and laws.

KCS filed this motion for summary judgment again conceding that Van Buren's claim was under FELA but arguing it was preempted by FRSA, 49 U.S.C. § 20106, which gives federal regulations supremacy over state law and common-law claims, and by a federal regulation, 49 C.F.R. § 213.103, which specifically governs the use of ballast around railroad tracks. In such situations, a FELA claim was precluded, *Nickels v. Grand Trunk W. R.R.*, 560 F.3d 426 (6 Cir. 2009), *cert. denied*, 558 U.S. 1147, 130 S. Ct. 1136 (2010); *Harrison v. BNSF Ry. Co.*, 508 S.W. 3d 331 (Tex. App.-Ft. Worth

2014). On the merits, KCS attached the affidavit of David Brookings, a professional engineer and railroad inspector who found no violation of any Federal Railroad Administration regulations and concluded the area around these tracks was reasonably safe.

Van Buren opposed the motion, generally arguing that FELA was remedial and should be broadly construed to grant relief, that jury findings were crucial, and hence summary judgment was not appropriate. Further, a recent Supreme Court case had reordered the traditional notion of preemption. *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 134 S. Ct. 2228 (2014), was a claim under the Lanham Act, which allows one competitor to sue another for unfair competition arising from false or misleading product descriptions. The defendant, however, argued the Federal Food, Drug, and Cosmetic Act governed food and beverage labeling and, thus, preempted a private, Lanham Act claim. The lower courts agreed with the defendant, but the Supreme Court reversed, holding that the issue was not preemption but *preclusion*, that neither federal act prohibited the operation of any other federal acts, and the two must be treated as complementary. From this theory, Van Buren argued that nothing in FRSA prohibited an action under FELA, or vice versa, so the FELA suit should proceed. He also argued that two Federal courts in Louisiana have denied summary judgments when the defendants argued FRSA precluded a personal injury suit under FELA, *Barritt v. Union Pacific R.R. Co.*, 2018 WL 4343418 (W.D. La. 9/11/18); *Bratton v. Kansas City S. Ry. Co.*, 2015 WL 789127 (W.D. La. 2/20/15). On the merits, Van Buren attached several video depositions in which his coworkers said the ballast was poorly maintained and KCS did nothing despite repeated complaints.

2

After a hearing in July 2023, the district court granted summary judgment in favor of KCS. The court stated in oral reasons that the cases cited by KCS were directly on point, and that *POM Wonderful* was not a railroad case. Van Buren appealed, raising three interrelated assignments of error.

## DISCUSSION

Van Buren asserts that the court erred in not applying the test and reasoning articulated by the Supreme Court in *POM Wonderful*; in finding *Nickels* and its progeny to be controlling law in Louisiana in the wake of *POM Wonderful*; and in dismissing the action under the doctrine of preclusion based on 49 C.F.R. § 213.103 ("Ballast; general").

The thrust of the argument is that *POM Wonderful* "upended" the doctrines of preclusion and preemption by holding that two federal statutes will not preclude each other unless expressly intended to do so by Congress; by this standard, FRSA does not preclude a negligence claim made under FELA. Van Buren quotes the crux of the Supreme Court's analysis in *POM Wonderful*:

> Congress did not enact a provision [in FDCA] addressing the preclusion of other federal laws that might bear on food and beverage labeling. This is powerful evidence that Congress did not intend FDA oversight to be the exclusive means of ensuring proper food and beverage labeling.

573 U.S. at 114, 134 S. Ct. at 2237.

Van Buren shows that, shortly after *POM Wonderful*, a U.S. District Court in Nebraska held that FRSA and its regulations did not preclude FELA claims in any circumstances, *Madden v. Antonov*, 156 F. Supp. 3d 1011 (D. Neb. 2015), creating solid precedent that the statutes are complementary. He then shows that two U.S. District Courts in Louisiana

3

have denied railroads' motions for summary judgment on the issue. *Bratton v. Kansas City S. Ry. Co.*, *supra*, involved a claim of negligent certification and training of locomotive engineers; *Barritt v. Union Pacific R.R. Co.*, *supra*, addressed the condition of ballast alongside a track in Swartz, in northeast Louisiana. These cases, he suggests, show the effect of *POM Wonderful* in Louisiana. He also catalogs nine other federal and state court opinions that have rejected preclusion. He concentrates on *Jones v. BNSF Ry. Co.*, 306 F. Supp. 3d 1060 (C.D. Ill. 2017), which rejected the defense of preclusion and abandoned circuit precedent that had allowed it, *Waymire v. Norfolk & W. Ry. Co.*, 218 F. 3d 773 (7 Cir. 2000). He concludes that using the *POM Wonderful* analysis, courts overwhelmingly find that Congress did not intend FRSA to preclude FELA claims, so the judgment should be reversed.

KCS responds that *POM Wonderful* had nothing to do with the railroad industry and does not change the established analysis. FELA regulates workplace injury claims brought by railroad employees against their railroad employers, 45 U.S.C. § 51, and establishes a negligence-based cause of action, *Norfolk S. R. Co. v. Sorrell*, 549 U.S. 158, 127 S. Ct. 799 (2007). By contrast, FRSA seeks to "promote safety in every area of railroad operations," 49 U.S.C. § 20101, and, under the rubric of national uniformity, preempts any state laws that are incompatible with it, 49 U.S.C. § 20106 (a). The regulation pertaining to ballast, 49 C.F.R. § 213.103, is specific, "substantially subsumes" the subject matter, and precludes FELA claims. Specifically, *Nickels v. Grand Trunk W. R.R. Co.*, *supra*, found preclusion of a claim that the railroad used "large mainline ballast" instead of "smaller yard ballast" in a high-traffic area; *Harrison v. BNSF Ry. Co.*,

4

*supra*, found preclusion of a claim that the railroad used "oversized ballast on a steep incline"; and *Lybrand v. Union Pacific R. Co.*, 2012 WL 1436690 (E.D. Ark. 4/25/12), found preclusion of a claim for "walking on loose ballast." It then catalogs 14 other federal and state opinions reaching the same conclusion, only one of which postdates *POM Wonderful*.

KCS also argues that regardless of whether preclusion applies, summary judgment is proper because, on the documents presented, Van Buren simply cannot create a genuine issue of material fact regarding negligence. It cites Mr. Brookings's expert opinion, which found no safety violations, and argues that Van Buren's witnesses raised only general and self-serving complaints about the ballast; evidence of this kind is insufficient to defeat the summary judgment, as shown in *Alex v. BNSF Ry. Co.*, 12-462 (La. App. 3 Cir. 11/7/12), 103 So. 3d 1180. It asks the court to affirm.

On close consideration, we are constrained to agree with the argument advanced by KCS and adopted by the district court. Despite the sweeping result in *POM Wonderful*, the Supreme Court carefully premised its analysis on three findings: (1) there was "no statutory text or established interpretive principle" to support preclusion in either FDCA or the Lanham Act; (2) nothing in the "text, history, or structure of [either statute] show[ed] a congressional * * * design to forbid" Lanham Act suits; and (3) FDCA and the Lanham Act complemented each other in the regulation of food and beverage labels. 573 U.S. at 106, 134 S. Ct. at 2233.

The same considerations are not present here. The purpose of FRSA is "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101. To advance this purpose, it requires that "Laws, regulations, and orders related to

railroad safety * * * shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106 (a)(1). Further, it requires the Secretary of Transportation to "prescribe regulations * * * for every area of railroad safety." 49 U.S.C. § 20103 (a). Under this authority, the Secretary of Transportation has promulgated a regulation pertaining to ballast:

> § 213.103 Ballast; general
>
> Unless it is otherwise structurally supported, all track shall be supported by material which will —
> (a) Transmit and distribute the load of the track and railroad rolling equipment to the subgrade;
> (b) Restrain the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails;
> (c) Provide adequate drainage for the track;
> (d) Maintain proper track crosslevel, surface, and alinement.
>
> 49 C.F.R. § 213.103.

Notably, FRSA contains a preemption clause: "A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation * * * prescribes a regulation or issues an order *covering the subject matter* of the State requirement." 49 U.S.C. § 20106 (a)(2) (emphasis added). Although Federal-state preemption is obviously not at issue here, the Supreme Court recognized the applicable principles are "instructive insofar as they are designed to assess the interaction of laws that bear on the same subject." *POM Wonderful*, *supra* at 112, 134 S. Ct. at 2236. In other words, the statutory framework anticipates that in matters of railroad safety, FRSA and the regulations issued pursuant thereto will preclude or supersede other federal laws that may otherwise confer rights on claimants. This includes personal-injury claims under FELA.

We also note that even after *POM Wonderful*, several courts have continued to hold that FRSA and its regulations preclude FELA claims. *Spafford v. BNSF Ry. Co.*, 2016 WL 6560866 (Ariz. Super. 10/6/16), found preclusion over a claim for occupational illness based on "size, slope, composition, or construction of ballast." Less factually apposite but conceptually akin are cases like *Wheeler v. CSX Transp. Inc.*, 2017 WL 3116701 (N.D. Ohio 7/21/17), which involved a claim of failure to install required safety equipment on a locomotive; *Schendel v. Duluth*, 2014 WL 5365131 (Minn. Dist. Ct. 9/29/14), involving failure to install a proper advance warning signal; and *Kopplin v. Wisconsin Central Ltd.*, 2017 WL 7048811 (E.D. Wis. 10/17/17), involving a defect in the switching system. The running theme in these cases is that under FELA, claimants may receive different treatment, making the safety regulations established under FRSA virtually meaningless. The Supreme Court disapproved this outcome in *CSX Transp. Inc. v. Easterwood*, 507 U.S. 658, 113 S. Ct. 1732 (1993).

We have closely examined the cases from Louisiana's Western District and find them unpersuasive. The *Bratton* court held that "FRSA's preemption provision applies to state laws and not to FELA or any other federal law," a proposition that seems to contradict *POM Wonderful*'s holding that the rules of preemption are "instructive insofar as they are designed to assess the interaction of laws that bear on the same subject." 573 U.S. at 112, 134 S. Ct. 2236. The *Barritt* court more carefully traced the outlines of *POM Wonderful* but, citing the need for more motion practice in the case, found a genuine issue whether the railroad did, in fact, comply with track ballast regulations, and this obviously precluded summary judgment.

7

In short, we do not find these cases negate the preclusion of FELA claims by FRSA.

With this said, there is some merit to Van Buren's argument. FELA is deemed to have humanitarian and remedial goals and, as such, should be broadly construed. *CSX Transp. Inc. v. McBride*, 564 U.S. 685, 131 S. Ct. 2630 (2011); *Broussard v. Union Pacific R. Co.*, 29,769 (La. App. 2 Cir. 8/28/97), 700 So. 2d 542, *writ denied*, 97-2414 (La. 12/12/97), 704 So. 2d 1202. Congress enacted FELA in 1908; 62 years later, when it enacted FRSA, it included a specific reference to *state* laws, regulations, or orders, but was silent as to *federal* ones that might cover the same subject matter. Still later, when the Supreme Court decided *POM Wonderful*, it lessened the grip of preclusion as to complementary federal laws. Against this backdrop, there is a certain appeal to saying that, on facts like these, FRSA should not preclude the FELA claim. Nevertheless, earlier jurisprudence almost unanimously found preclusion. *POM Wonderful* arose in a context totally removed from the safety concerns of FRSA, and the cases since then have been divided whether to keep or jettison the preclusion. Without clearer guidance from Congress or a higher court, we find more merit in applying the preclusive principle implicit in 49 U.S.C. § 20106 (a)(2).

Because of our finding as to preclusion, KCS is entitled to summary judgment as a matter of law. La. C.C.P. art. 966 (A)(3). We pretermit any consideration of the underlying factual claims.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. Sean Van Buren is to pay all costs.

**AFFIRMED**.

8